IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

MARTY DOBSON,

    Plaintiff,

v.                         Case No.: 1:14-cv-00622

KEWAUNEE FABRICATIONS, LLC,

    Defendant.

## COMPLAINT

NOW COMES THE PLAINTIFF, Marty Dobson, by his attorneys Gingras, Cates & Luebke, by Paul A. Kinne, and hereby states and alleges the following as his Complaint in the above referenced matter.

### NATURE OF THE PROCEEDINGS

1. This action is brought to redress the harm done to Dobson on account of Kewaunee Fabrications unlawful acts directed at Dobson in retaliation for his actions in furtherance of disclosing a potential violation of the False Claims Act.

### JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §§1331, 1345 and 31 U.S.C. §3730(h).

3. Venue is proper in the United States District Court, Eastern District of Wisconsin pursuant to 28 U.S.C. sec. 1391 because the defendant is subject to personal jurisdiction in the Eastern District of Wisconsin because its principal place of business is within the Eastern District.

## PARTIES

4. Marty Dobson, is a citizen of the United States of America and a resident of the State of Wisconsin. Dobson was formerly employed by Kewaunee Fabrications.

5. Kewaunee Fabrications LLC is a Wisconsin business with its principal location in Kewaunee, Wisconsin. Kewaunee Fabrications formerly employed Dobson.

## FACTUAL ALLEGATIONS

6. Dobson began working for Kewaunee Fabrications in March, 2011. He was employed as a Production Supervisor.

7. During Dobson's tenure at Kewaunee Fabrications, the company worked under contracts from the United States Department of Defense (DoD).

8. Dobson discovered that Kewaunee Fabrications would falsify records, such as route cards / work orders and labor reporting time cards, in such a way that the DoD would be billed for work that was not, in fact, performed for the benefit of the DoD.

9. Dobson's manager (his title was "production manager") at the time was the chief perpetrator of the conduct referenced in the preceding paragraph.

10. In July, 2013, Dobson brought his concerns over his manager's fraudulent conduct to the attention of upper management at Kewaunee Fabrications.

11. Also in July, 2013, by letter, Dobson informed the DoD of his concerns related to the apparent fraud committed by his manager.

12. On August 5, 2013, Kewaunee Fabrications reassigned Dobson's manager.

13. At some point between August 5 and November 14, 2013, the manager about whom Dobson had complained allegedly gave Dobson a negative performance evaluation. Dobson was not provided with the written evaluation, in spite of his requests.

14. As part of Dobson's compensation, he was to receive a bonus.

15. Kewaunee Fabrications informed Dobson that he would not receive his bonus for 2013 because of his former manager's negative performance evaluation.

16. By November 14, 2013, Kewaunee Fabrications was aware of Dobson's July letter to the DoD informing it of apparent fraud being committed by Kewaunee Fabrications employees.

17. Dobson did not relent, however, with respect to complaints about the evident fraud occurring at Kewaunee Fabrications and about his treatment. For example, on January 10, 2014, Dobson filed an internal complaint with the company ombudsman relating his concerns over potential fraud and the unfair treatment directed at him.

18. It was not until late January, 2014, that Dobson finally received a copy of the evaluation written by his former manager. It was both inaccurate and unfair.

19. On February 2, 2014, the DoD emailed Dobson, asking him for consent to disclose his name in the course of its investigation into his complaint.

20. On February 4, 2014, Dobson gave the DoD permission to use his name as the investigation went forward.

21. On February 7, 2014, Kewaunee Fabrications placed Dobson on a Performance Improvement Plan. The requirements of the plan were unreasonable and designed to set Dobson up for failure. Regardless, Dobson complied in good faith to the best of his ability.

22. On February 11, 2014, Dobson's attorney informed Kewaunee Fabrications that Dobson believed he had been the victim of retaliation for his actions protected by the False Claims Act, including his complaints made directly to the DoD.

3

23. On March 5, 2014, the DoD informed Dobson that it was continuing with its investigation.

24. On March 14, 2014, Kewaunee Fabrications suspended Dobson.

25. On March 26, 2014, Kewaunee Fabrications fired Dobson.

26. At all times relevant hereto, Dobson's performance was satisfactory.

## CAUSE OF ACTION – VIOLATION OF THE FALSE CLAIMS ACT 31 U.S.C. SEC. 3730(h)

27. Plaintiff hereby incorporates 1 - 26 as if set forth fully herein.

28. By engaging in the conduct described in the complaint, Dobson's activity was protected under 31 U.S.C. sec. 3730(h).

29. Kewaunee Fabrications knew of Dobson's protected activity before November, 2013.

30. Kewaunee Fabrications denied Dobson of his rightfully earned bonus because Dobson engaged in protected activity.

31. Kewaunee Fabrications terminated Dobson because he engaged in protected activity.

32. Kewaunee Fabrications acted willfully and with malicious intent when it denied Dobson of his bonus and when it fired him.

33. The bonus denial and the termination caused Dobson severe and permanent economic harm.

WHEREFORE, the Plaintiff requests the following relief:

a. An award of lost back pay and the dollar value of lost benefits in an amount sufficient to make Dobson completely whole.

4

b.  A penalty paid by Kewaunee Fabrications to Dobson in an amount equal to the value of his lost back pay and benefits;

c.  Reinstatement to his position with Kewaunee Fabrications;

d.  An award of his attorneys fees and costs incurred related to this action; and

e.  Any other relief the Court deems just to award.

## JURY DEMAND

The plaintiff respectfully requests that this matter be tried before a jury of six (6) competent persons.

Dated this 30th day of May, 2014.

**s/ Paul A. Kinne**
Attorney Paul A. Kinne
State Bar No. 1021493
Gingras, Cates & Luebke
8150 Excelsior Drive
Madison, WI 53717
Telephone: 608-833-2632
Fax: 608-833-2874
kinne@gcllawyers.com